**Eugene K. Yamamoto (State Bar No. 112245)**
**LAW OFFICES OF EUGENE K. YAMAMOTO**
**Lakeside Regency Plaza**
**1555 Lakeside Drive, Suite 64**
**Oakland, CA 94612**
**Telephone:  (510) 433-9340**
**Facsimile:   (510) 433-9342**

**Attorneys for Secured Lienholder,**
**EIM-El Segundo,**
**A California limited partnership**

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

| | |
|---|---|
| In re<br><br>Azid Amiri,<br><br>Debtor. | Case No.  10-41570<br><br>Chapter 13<br><br>**MOTION FOR FOR DETERMINATION THAT THE AUTOMATIC STAY IS INAPPLICABLE, OR ALTERNATIVELY FOR RELIEF FROM THE AUTOMATIC STAY, AND FOR SANCTIONS**<br><br>DATE:  June 16, 2010<br>TIME:   10:30 a.m.<br>CTRM:  220<br><br>RS No:  EKY-1<br><br>The Honorable Randall J. Newsome |

Pursuant to Bankruptcy Code Sections 362(a) and 362(d), EIM-El Segundo, a California partnership and secured lienholder ("EIM"), hereby moves: (1) for a determination that the automatic stay of Bankruptcy Code Section 362(a) is inapplicable with regard to EIM's enforcement of, and protection of its interests in,: (a) that certain Installment Note ("Note") dated July 14, 2004, in the initial principal amount of $345,000, made and executed by Kang Property, Inc. ("Note"); and (b) that Short Form Deed of Trust ("Deed of Trust") executed by Kang Property, Inc., dated July 14, 2004, and recorded as Document No. 2004-027758 on July 20, 2004, against that certain real

- 1 -

**In re Amiri, No. 10-41570**

Case: 10-41570    Doc# 13    Filed: 05/21/10    Entered: 05/21/10 23:41:47    Page 1 of 4

Motion For Determination That The Automatic Stay Is Inapplicable, Or Alternatively For Relief From The Automatic Stay, And For Sanctions

Property and gas station improvements thereon located at 7920 Brentwood Blvd, Brentwood, CA ("Property"), including, without limitation, that the automatic stay is inapplicable to prevent EIM from proceeding with, and completing, its foreclosure sale of the Property.

Alternatively, EIM moves this Court for relief from the automatic stay of Bankruptcy Code Section 362(a) with regard to EIM's enforcement of, and protection of its interests in,: (a) the Note; and (b) the Deed of Trust, including, granting EIM relief from the automatic stay to immediately allow EIM to proceed with, and completing, its foreclosure sale of the Property. By this Motion, the Lender also seeks, an order that instructs the Lender to promptly continue it non-judicial foreclosure without being required to wait the 14 day period in Bankruptcy Rule 4001(a)(3) for the Order to become final since each day that goes by brings the accrual of interest and penalties on senior debt and the real property taxes on the Property to EIM's detriment.

The basis for this motion for determination that the automatic stay does not apply to prevent EIM from enforcing its rights under the Note and Deed of Trust, including foreclosure on the Property, is because the Chapter 13 Debtor, Azid Amiri ("Debtor"), does not own the Property that he asserts he owns, which is instead owned by a non-debtor corporation, Kang Property, Inc. and an individual Abolghassam H. Shahidi ("Shahidi"). The Debtor is not the borrower of EIM. The obligation being enforced is not an obligation of the Debtor and the Property is not property of the Debtor or the Debtor's bankruptcy estate.

The basis of this motion for relief from the automatic stay includes: (i) "for cause", including, without limitation, the bad faith filing of this Chapter 13 Case by Azid Amiri ("Debtor"), the inaccurate and misleading Schedules and Statement of Affairs filed by Azid Amiri ("Debtor") in this case, the ineligibility of the Debtor to be a Chapter 13 debtor, the inability of the Debtor to confirm a Chapter 13 plan which restructures the debts of the non-debtor corporation Kang, Inc., and the lack of adequate protection of Lender's

- 2 -

**In re Amiri, No. 10-41570**

Notice Of Hearing On Motion For For Determination That The Automatic Stay Is Inapplicable Or Alternatively For Relief From The Automatic Stay

Case: 10-41570   Doc# 13   Filed: 05/21/10   Entered: 05/21/10 23:41:47   Page 2 of 4

interest in the Property due to accruing senior liens. EIM requests and moves that the Court sequester EIM's cash collateral, the issues and profits from the Property to protect EIM's interests.

This Motion is based upon this Motion, the Notice and Opportunity For Hearing On Motion For Determination That The Automatic Stay Is Inapplicable, And For Sanctions, the Notice Of Hearing On Alternative Motion For Relief From The Automatic Stay, And For Sanctions, the Memorandum Of Points And Authorities In Support Of Motion For Determination That The Automatic Stay Is Inapplicable, Or Alternatively For Relief From The Automatic Stay, And For Sanctions, the Declaration Of Emma Gardner In Support Of Motion For Determination That The Automatic Stay Is Inapplicable, Or Alternatively For Relief From The Automatic Stay, And For Sanctions, the oral arguments of counsel, and such other and further evidence and arguments as may be presented at any hearing on these motions.

PLEASE TAKE NOTICE THAT SHOULD THE DEBTORS FAIL TO APPEAR AT THE HEARING ON THE ABOVE MOTION FOR RELIEF FROM THE AUTOMATIC STAY AND CONTEST OR OBJECT TO THE MOTION, THE COURT MAY GRANT LENDER IMMEDIATE RELIEF FROM STAY AT THE HEARING AND LENDER WOULD THEN HAVE THE RIGHT TO PROCEED WITH ITS NON-JUDICIAL FORECLOSURE SALE OF THE PROPERTY UNDER THE POWER OF SALE PROVISION IN THE DEED OF TRUST.

DATED: May 21, 2010.      LAW OFFICES OF EUGENE K. YAMAMOTO


                           By     /S/ Eugene K. Yamamoto


NOTICE IS HEREBY GIVEN THAT a hearing will be held on June 2, 2010 at 10:30 a.m. ("Hearing") in Courtroom 220 of the United States Bankruptcy Court For The

- 3 -

**In re Amiri, No. 10-41570**
Notice Of Hearing On Motion For For Determination That The Automatic Stay Is Inapplicable Or Alternatively For Relief From The Automatic Stay

Case: 10-41570   Doc# 13   Filed: 05/21/10   Entered: 05/21/10 23:41:47   Page 3 of 4

Northern District of California located at 1300 Clay Street, Suite 300, Oakland, California, 94612, before the Honorable Randall J. Newsome, United States Bankruptcy Judge. The Hearing will concern the Motion For For Determination That The Automatic Stay Is Inapplicable Or Alternatively For Relief From The Automatic Stay ("Motion") by secured lienholder, EIM-El Segundo, a California partnership ("EIM").

This is a core proceeding under the United States Bankruptcy Court and this Creditor consents to a final Order by the above-entitled Court which has jurisdiction over this motion pursuant to 28 U.S.C. §157(a), et seq. and 28 U.S.C. §1334, et seq.

PLEASE TAKE NOTICE THAT SHOULD THE DEBTOR FAIL TO APPEAR AT THE HEARING AND CONTEST OR OBJECT TO THE MOTION, THE COURT MAY GRANT EIM IMMEDIATE RELIEF FROM STAY AT THE HEARING AND LENDER WOULD THEN HAVE THE RIGHT TO PROCEED WITH ITS NON-JUDICIAL FORECLOSURE SALE OF THAT CERTAIN REAL PROPERTY AND IMPROVEMENTS THEREON LOCATED AT 7920 BRENTWOOD BLVD, BRENTWOOD, CA UNDER THE POWER OF SALE PROVISION IN THE DEED OF TRUST EXECUTED BY THE KANG PROPERTY, INC..

DATED: May 21, 2010.        LAW OFFICES OF EUGENE K. YAMAMOTO

By:   /s/ Eugene K. Yamamoto
Eugene K. Yamamoto,
Attorney for Secured Lienholder, EIM-El Segundo, Inc.

- 4 -

**In re Amiri, No. 10-41570**

Case 10-41570    Doc# 13    Filed 05/21/10    Entered 05/21/10 23:41:47    Page 4 of 4

Notice Of Hearing On Motion For For Determination That The Automatic Stay Is Inapplicable Or Alternatively For Relief From The Automatic Stay