Eugene K. Yamamoto (State Bar No. 112245)
LAW OFFICES OF EUGENE K. YAMAMOTO
Lakeside Regency Plaza
1555 Lakeside Drive, Suite 64
Oakland, CA 94612
Telephone: (510) 433-9340
Facsimile: (510) 433-9342

Attorneys for Secured Lienholder,
EIM-El Segundo,
A California limited partnership

# UNITED STATES BANKRUPTCY COURT

## NORTHERN DISTRICT OF CALIFORNIA - OAKLAND DIVISION

|  |  |
|---|---|
| In re | Case No. 10-41570 |
| Azid Amiri, | Chapter 13 |
| Debtor. | DECLARATION OF EMMA GARDNER IN SUPPORT OF MOTION FOR DETERMINATION THAT THE AUTOMATIC STAY IS INAPPLICABLE OR ALTERNATIVELY FOR RELIEF FROM THE AUTOMATIC STAY, AND FOR SANCTIONS |
|  | DATE: June 16, 2010 |
|  | TIME: 10:30 a.m. |
|  | CTRM: 220 |
|  | RS No: EKY-1 |
|  | The Honorable Randall J. Newsome |

I, Emma Gardner, declare and say:

1.  I am the Administrative Assistant to the General Counsel for Dansk Investments, Inc. ("Dansk"), which is the managing general partner of EIM-El Segundo, a California Partnership ("EIM"). Part of my responsibilities for my job is to monitor contracts and loans made by EIM, including, without limitation, a loan made by EIM to Kang Property, Inc., a California corporation ("Kang, Inc.")

- 1 -

In re Amiri, No. 10-41570
Declaration Of Emma Gardner In Support Of Motion For For Determination That The Automatic Stay Is Inapplicable Or Alternatively For Relief From The Automatic Stay, And For Sanctions

Case: 10-41570   Doc# 17-1   Filed: 05/21/10   Entered: 05/22/10 00:00:13   Page 1 of 14

2. I have personal knowledge of the matters set forth in this Declaration, except for the matters set forth upon information and belief, which I believe to be true, and except for the facts that I have gleaned from the business records of EIM and Dansk, which are maintained and kept daily in the ordinary, regular and usual course of Lender's business ("Business Records"). I have full and complete access to the Business Records. If called as a witness, I could and would competently testify to the matters set forth herein.

3. From the Business Records I know that on or about July 14, 2004, Agoura Associates Limited, a California limited partnership, through the use of a tax-deferred 1031 exchange accommodator, Timcor Financial Corporation, sold a gas station located at 7920 Brentwood Blvd, Brentwood, CA ("Property") to Kang, Inc. for approximately $1,186,000. The transfer to Kang, Inc. was made pursuant to a Partnership Grant Deed recorded in the Official Records of the Contra Costa Recorder's Office ("Recorder's Office") as Document No. 2004-02777056-00. The sale and purchase of the Property was financed, in part, by Kang, Inc obtaining two (2) loans, one from Kolto Merchant Financial ("Kolto") and the second from EIM, secured by the Property. A true and correct copy of the Partnerhip Grant Deed is attached hereto and incorporated herein by this reference as **Exhibit A**.

4. I am informed and believe and thereon state that Kolto appears to be an investment manager of some type. Kolto, holds a first priority deed of trust recorded against the Property in the official records of the Contra Costa County Recorder's Office ("Recorder's Office") on July 20, 2004 ("Kolto Trust Deed"), which secures a promissory note held by Kolto in the original amount of $650,000. There are numerous beneficiaries listed on the Kolto Trust Deed including, without limitation, Bosco's Delicatessen Inc. Profit Sharing Pension Plan Rollover, Nancy K. Austin, Inc. Profit Sharing Plan, A.

In re Amiri, No. 10-41570
Declaration Of Emma Gardner In Support Of Motion For For Determination That The Automatic Stay Is Inapplicable Or Alternatively For Relief From The Automatic Stay, And For Sanctions

Case: 10-41570   Doc# 17-1   Filed: 05/21/10   Entered: 05/22/10 00:00:13   Page 2 of 22

Marvin Brooks, M.D., Inc. profit Sharing Trust, Ronald L. Stern Profit Sharing Pension Plan Rollover, David L. Berger, MD, Inc. Money Purchase Pension Plan, Louise S. Wallace Trust dated October 29, 1993 and Janet L. Atwood.

5.     EIM, holds a second priority Short Form Deed of Trust ("Deed of Trust") dated July 14, 2004, and recorded on July 20, 2004, against the Property as Document No. 2004-027758 in the official records of the Recorder's Office, which Deed of Trust secures an Installment Note ("Note") dated July 14, 2004, in the initial principal amount of $345,000 executed by Kang, Inc. The Deed of Trust contains an absolute assignment to EIM of all rents, issues and profits. True and correct copies of the Note and Deed of Trust are attached hereto and incorporated by reference herein as **Exhibits B**, respectively.

6.     On or about October 21, 2004, Abolghassam H. Shahidi ("Shahidi"), acquired a 50% interest in the Property pursuant to Grant Deed recorded on October 21, 2004.   A true and correct copy of this Grant Deed is attached hereto and incorporated herein by this reference as **Exhibit C**.

7.     Beginning on February 20, 2009, and each month thereafter, Kang, Inc. defaulted on the Note by failing to make the regular monthly loan payments of principal and interest to EIM which are due each calendar month ("Regular Monthly Payments") (collectively, the "Payment Defaults").

8.     Despite written notice of the Payment Defaults from EIM to Kang Inc., Kang, Inc. failed to cure these Payment Defaults.

Case: 10-41570   Doc# 13-1   Filed: 05/21/10   Entered: 05/22/10 00:00:13   Page 3 of 22

9.    As a result of the Payment Defaults, on September 25, 2009, EIM commenced a non-judicial foreclosure proceeding by recording a Notice of Default ("Notice of Default") against the Property.  A true and correct copy of the Notice of Default that was recorded is attached hereto and incorporated herein by this reference as **Exhibit D**.

10.    On or about January 13, 2010, a Notice of Sale ("Notice of Sale") was published and recorded in the Recorder's Office as Document No. 20100007294, setting EIM's non-judicial foreclosure sale for February 16, 2010.  A true and correct copy of the Notice of Sale is attached hereto and incorporated herein by this reference as **Exhibit E**.

11.    On February 12, 2010, just 4 days prior to EIM's foreclosure sale, Azad Amiri ("Debtor"), filed the above-captioned Chapter 13 Bankruptcy Case listing himself in the Chapter 13 Bankruptcy Petition as dba "Brentwood American Station".

12.    Debtor's attorney, Thomas M. Swihart, Esq. ("Swihart"), sent written notices to EIM or its affiliates and EIM's trustee under the Deed of Trust, First American Title Company ("First American"), asserting that: (i) the Debtor is the successor in interest to Kang Property, Inc. with regard to the Property; (ii) the Debtor is doing business as Brentwood American Station; and (iii) that the automatic stay of Debtor's Chapter 13 Case precluded the foreclosure sale.  True and correct copies of the facsimile and attached letters dated February 12, 2010, from Swihart to EIM are attached hereto and incorporated herein as **Exhibit F**.

13.    As a result of this bankruptcy notices and assertion by Swihart, First American required EIM to obtain an order from this Court that either the automatic stay

did not apply to preclude the foreclosure sale or that EIM was given relief from the automatic stay.

14.     As a result of the foregoing, EIM has been required to retain counsel to enforce its rights and protect its interests under the Loan Documents, and is now incurring attorneys' fees and costs which are estimated to be in excess of $7,000.00 by the time of the hearing.

15.     On or about April 14, 2010, pursuant to EIM's request, EIM's trustee under the Deed of Trust, First American Title Company ("First American"), conducted a Preliminary Title Search which indicated that Kang and Abolghassam H. Shahidi were still the record title holders; the Debtor's name did not appear on the title to the Property. In addition to the Kolto Trust Deed and EIM's Deed Of Trust, there are other liens recorded against the Property totaling $115,190.02, which include: (i) $7,800.00 in delinquent property taxes; (ii) judgment lien for $2,537.00 recorded on January 10, 2007, by Pepsi Bottling Company; (iii) judgment lien for $2,371.00 recorded on February 3, 2009, by Northern California Collection Service; and a $102,482.02 writ of attachment lien recorded on April 3, 2009, by Ramos Oil Company (collectively, the "Other Liens"). The Preliminary Title Search is part of EIM's Business Records.  A true and correct copy of the relevant portions of the Preliminary Title Report is attached hereto and incorporated herein by this reference as **Exhibit G**.

16.     On or about April 12, 2010, I caused a UCC search to be run by CT Solutions on Kang, Inc.  The UCC search disclosed among other things that there are a substantial number of judicial liens filed against Kang, Inc. with the California Secretary of State and that there is active pending litigation against Kang, Inc. in the Superior Court for the State of California for the county of Contra Costa (Martinez Division) Case

No. CIVMSC08-01996 ("Pending Litigation") and documents were filed as late as April 5, 2010 in the Pending Litigation. This UCC search is part of EIM's Business Records. There is no disclosure of the judicial liens or the Pending Litigation in the Debtor's Schedules or Statement of Affairs. A true and correct copy of the docket sheet for this state court action is attached hereto and incorporated herein by this reference as **Exhibit H**.

17. On or about April 21, 2010, I caused an on-line business search of the California Secretary of State's office for Kang Property, Inc. The search discloses that Sarbjit Singh Kang remains the agent for service of process for Kang Property, Inc. This Secretary of State's office search is part of EIM's Business Records. A true and correct copy of the results of the on-line business search are attached hereto and incorporated herein as **Exhibit I**.

18. As of April 30, 2010, the amount to cure and reinstate the Note is $79,791.50, comprised of 15 Regular Monthly Payments in the amount of $4,370.31, late charges in the amount of $3,059.22, bounced check fee of $7.00, estimated attorneys' fees and costs of $7,000.00, and trustee's foreclosure fees and costs in the estimated amount of $3,952.12.

19. The entire amount of the Note is due and payable since it was accelerated by the provisions of the Notice of Default. As of April 30, 2010, the amount required to pay off the Loan is $266,762.35, which is comprised of principal in the amount of $226,849.99, interest in the amount of $21,941.90, late charges in the amount of $3,059.22, attorneys fees and costs in excess of $7,000.00, and trustee's foreclosure fees and costs in the estimated amount of $3,952.12.

20.     On or about March 3, 2010, the Debtor filed his Bankruptcy Schedules (the Debtor commenced this case on February 12, 2010).  The Debtor lists the Property with a value of $700,000.00 in its Schedule A.  EIM believes that the actual value of the Property is higher than the Debtor's ascribes.  The Debtor also lists himself as holding 100% of the stock ownership of Kang, Inc. (in Schedule B, item 13) and tacitly admitted that Kang, Inc. was the "titled owner" of the Property.  The Debtor's Schedule D also lists Kolto as having a secured claim in the amount of $651,000.00.  When Kolto's claim of $651,000, is added to EIM's claim of $266,762.35, and added to the Other Liens totaling $115,190.02, the total liens against the Property exceeds $1,132,952.37.  These liens clearly exceed the Debtor's $700,000.00 valuation of the Property and there is no equity in the Property for the Debtor or his estate.  A true and correct copy of the referenced portions of the Debtor's Schedules is attached hereto and incorporated by reference herein as **Exhibit J**.

I declare, under penalty of perjury, under the laws of the United States, that the foregoing is true and correct and that this Declaration was executed this _20th_ day of May, 2010, in Moorpark, California.

Emma Gardner

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2004-0277056-00
Acct 5- First American Title
Tuesday, JUL 20, 2004 08 00 00
S21      $10 00 MIC      $1 00 MOD      $4 00
REC      $8 00 TCF      $3 00
Ttl Pd   $26.00          Nbr-0002245596
                         ENS/R2/1-4

**RECORDING REQUESTED BY**
First American Title Insurance Company
National Commercial Services

**AND WHEN RECORDED MAIL TO:**
Kang Property, Inc
911 Emerald Bay Road
South Lake Tahoe, CA 96150-6411

Space Above This Line for Recorder's Use

A P N  016-150-025                              File No  NCS-64529-SAC1 (AT)

The Undersigned Grantor(s) Declare(s)  DOCUMENTARY TRANSFER TAX            , CITY TRANSFER TAX $,
SURVEY MONUMENT FEE $10 00
[  x  ]    computed on the consideration or full value of property conveyed, OR
[     ]    computed on the consideration or full value less value of liens and/or encumbrances remaining at time of sale,
[     ]    unincorporated area, [ x ] City of Brentwood, and

# PARTNERSHIP GRANT DEED

FOR A VALUABLE CONSIDERATION, receipt of which is hereby acknowledged, **Agoura Associates Limited, a California Limited Partnership**

hereby GRANTS to **Kang Property, Inc., a California Corporation**

the following described property in the City of **Brentwood**, County of **Contra Costa**, State of **California**

**PARCEL ONE:**

All those certain Tracts or Parcels of land situated in the County of Contra Costa, State of California, said lands being a portion of Section 7, Township 1 North, Range 3 East, Mount Diablo Base and Meridian and particularly described as follows:

Commencing at the southwest corner of Section 7, Township 1 North, Range 3 East, Mount Diablo Base and Meridian, thence northerly along the westerly line of Section 7, North 0° 30' East, 527 6 feet, thence leaving the westerly line of Section 7, North 89° 42' East, 42 0 feet to the true point of beginning; thence North 89° 42' East, 110.0 feet, thence South 0° 30' West, 150 0 feet; thence South 89° 42' West, 110.0 feet; thence North 0° 30' East, 150.0 feet to the true point of beginning

**EXCEPTING THEREFROM:**

All oil, gas, minerals or other hydrocarbon substances in, upon, or under said real property, as reserved in the Deed from Diamond-D Development Company to George M  Morris, et al, dated August 22, 1963, and recorded October 1, 1963 in Book 4461 of Official Records, at Page 253.

**PARCEL TWO:**

Mail Tax Statements To   **SAME AS ABOVE**

Case: 10-41570    Doc# 17-1    Filed: 05/21/10    Entered: 05/22/10 00:00:13    Page 8 of
EXHIBIT A
22

APN  016-150-025          Grant Deed - continued          File No  NCS-64529-SAC1
                                                          (AT)
                                                          Date  07/13/2004

The right of way granted in the Deed from Alice Enterprises, Inc , a corporation, et al, to Knebworth Enterprises, Inc., a corporation, dated July 22, 1965, and recorded July 26, 1965 in Volume 4717 of Official Records, at Page 97, as follows:

A right of way (not to be exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, television service, electric light and power lines, whether below or above the surface of the ground, and for the purpose of draining water from adjoining land, either presently owned or hereafter acquired by the Grantee, together with the right to maintain, construct, operate, repair, alter, and replace said roadway and gas, water, oil and sewer pipes, electric light power, telephone and television lines over a strip of land described as follows:

Beginning at the northwest corner of Parcel One above, thence North 89° 42' East, 17.50 feet; thence North 0° 30' East, 64.0 feet, thence South 89° 42' West 175.0 feet; thence South 0° 30' West, 64 0 feet to the point of beginning

Dated ____07/13/2004____

Agoura Associates Limited, a California
Limited Partnership

By  USA Petroleum Corporation, a
    California corporation - General Partner

_Mary K Lee_

By  ~~Kriston B Qualls, Secretary~~
    Mary K Lee, Treasurer

APN **016-150-025**          Grant Deed - continued          File No **NCS-64529-SAC1**
                                                                              **(AT)**
                                                             Date **07/13/2004**

STATE OF _California_ )SS
COUNTY OF _Los Angeles_ )

On _July 14, 2004_____, before
me, _Kim Platz_____ personally appeared
_Mary K Lee_____, personally known to me (or
proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized
capacity(ies); and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of
which the person(s) acted, executed the instrument

WITNESS my hand and official seal                          This area for official
                                                            notarial seal

Signature _Kim Platz_____

My Commission Expires _Nov 24, 2006_

                                           KIM PLATZ
                                     Commission # 1386938
                                     Notary Public - California
                                     Los Angeles County
                                     My Comm Expires Nov 24 2006

Notary Name _Kim Platz_____     Notary Phone _818-865-9200_
Notary Registration Number _1386938_   County of Principal Place of Business _L.A_

CONTRA COSTA,CA    Document: DD 2004.277056                         Page 3 of 4
Printed on 2/9/2010 1:56:55 PM    Provided by Data Trace System

277056

**Illegible Notary Seal Declaration (Government Code 27361.7)**

I certify under penalty of perjury that the Notary Seal on the document to which this statement is attached reads as follows

Name of notary  Kim Platz

Date Commission expires  November 24, 2006

State  CA

County  Los Angeles

Place of execution of this declaration  **City of Walnut Creek, Contra Costa County, California**

Date  7/15/2004

Signature _____

Agent for First American Title Insurance Company
Sydney Gould

END OF DOCUMENT

Case: 10-41570    Doc# 17-1    Filed: 05/21/10    Entered: 05/22/10 00:00:13    Page 11 of 22



### *DO NOT DESTROY THIS NOTE:*
When paid, this Note and the Deed of Trust securing same, must be surrendered to Trustee
for cancellation and retention before reconveyance of the Deed of Trust will be made.

# INSTALLMENT NOTE
## (INTEREST INCLUDED IN INSTALLMENT PAYMENT)

**$345,000.00**                                           **July 14, 2004**
File No. **NCS-64529-SAC1**

For value received, all of the undersigned (collectively referred to as "Maker"), jointly and severally promise to pay to **EIM-El Segundo, a California Limited Partnership** or order ("Holder"), at **30101 Agoura Ct. Suite 200, Agoura Hills, CA 91301-4311** or as directed otherwise in writing by Holder, the principal sum of **three hundred forty five thousand** Dollars **($345,000.00)**, with interest from the 20 day of **July, 2004** on the amounts of principal remaining from time to time unpaid, until said principal sum is paid in full, at the rate of **Nine** per cent **(9.00%)** per annum. Maker shall pay in equal **Monthly** installments of **four thousand three hundred seventy and 31/100** Dollars **($4,370.31)** or more on the same day each and every **Month**, beginning on the 20 day of **August, 2004**, and continuing until the 20 day of **June, 2014**, at which time the entire unpaid principal and any accrued interest is all due and payable in full.

If the Maker shall sell, convey or alienate the property as described in the Deed of Trust (defined below), or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Holder being first had and obtained, Holder shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

On any payment not made within 10 days of its due date, there shall be a due and payable a late charge of 5% of the amount due.

If this Note requires a balloon payment, this Note <u>may</u> be subject to California Civil Code Section 2966 which provides that the Holder of this Note shall give written notice to the Maker as the trustor of the Deed of Trust, or his/her successor in interest, of prescribed information at least ninety (90) and not more than one hundred and fifty (150) days before any balloon payment is due.

All payments under this Note shall be made in lawful money of the United States of America. Payments shall be credited first against any costs or expenses due under this Note, then to accrued interest, and finally to principal. The principal amount of this Note may be prepaid, in whole or in part, at any time without penalty, in which event, interest shall cease to accrue on the portion of the principal so prepaid. Should any amount under this Note not be paid when due, then all remaining principal and accrued interest shall become immediately due and payable at the option of Holder. In no event shall the interest rate charged under this Note exceed the maximum rate permitted under applicable law.

Continued on Page **2**
Page **1**
INSTALLMENT NOTE SECURED BY DEED OF TRUST

# INSTALLMENT NOTE
## (INTEREST INCLUDED IN INSTALLMENT PAYMENT)

**$345,000.00**

File No. **NCS-64529-SAC1**

Should suit on this Note or foreclosure of the Deed of Trust (defined below) be commenced, Maker agrees to pay the costs of foreclosure and such additional sums as a court may adjudge reasonable as attorney's fees in any suit.

This Note shall be construed in accordance with the laws of the State of California. Any alteration, change or modification of or to this Note, in order to become effective, shall be made by written instrument executed by both Maker and Holder.

This Note is secured by a deed of trust of even date herewith to **First American Title Company**, as trustee ("Deed of Trust").

**THIS IS A LEGAL DOCUMENT. PLEASE READ IT CAREFULLY.**
**IT IS RECOMMENDED THAT YOU CONSULT YOUR LEGAL COUNSEL**
**BEFORE EXECUTING OR ACCEPTING THIS DOCUMENT.**

**"Maker"**

Kang Property, Inc., a California Corporation

By: Sarbjit Singh Kang, President

**RECORDING REQUESTED BY**
First American Title Insurance Company
National Commercial Services

**AND WHEN RECORDED MAIL TO:**
EIM-El Segundo
30101 Agoura Ct. Suite 200
Agoura Hills, CA 91301-4311

```
CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2004-0277058-00
Acct 6- First American Title
Tuesday, JUL 20, 2004 08:00:00
MIC    $2.00 MOD    $6.00 REC   $14.00
TCF    $4.00 DAF    $1.80 REF    $0.20
Ttl Pd   $28.00         Nbr-0002245712
                            ENS/R2/2-5
```

A.P.N.: 016-150-025                             File No.: NCS-64529-SAC1 (AT)

*Deed of Trust recording concurrently herewith*

# DEED OF TRUST AND ASSIGNMENT OF RENTS
## (Short Form)

THIS DEED OF TRUST, made this **July 14, 2004,** between

TRUSTOR:  **Kang Property, Inc., a California Corporation**

whose address is **911 Emerald Bay Road, South Lake Tahoe, CA 96150-6411,**

TRUSTEE:  First American Title Company, a California Corporation

and BENEFICIARY:  **EIM-El Segundo, a California Limited Partnership**

**Witnesseth:**  That Trustor IRREVOCABLY GRANTS, TRANSFERS AND ASSIGNS to TRUSTEE IN TRUST, WITH POWER OF SALE, that property in the City of **Brentwood, Contra Costa** County, State of **California,** described as:

**PARCEL ONE:**

**All those certain Tracts or Parcels of land situated in the County of Contra Costa, State of California, said lands being a portion of Section 7, Township 1 North, Range 3 East, Mount Diablo Base and Meridian and particularly described as follows:**

**Commencing at the southwest corner of Section 7, Township 1 North, Range 3 East, Mount Diablo Base and Meridian, thence northerly along the westerly line of Section 7, North 0° 30' East, 527.6 feet; thence leaving the westerly line of Section 7, North 89° 42' East, 42.0 feet to the true point of beginning; thence North 89° 42' East, 110.0 feet; thence South 0° 30' West, 150.0 feet; thence South 89° 42' West, 110.0 feet; thence North 0° 30' East, 150.0 feet to the true point of beginning.**

**EXCEPTING THEREFROM:**

**All oil, gas, minerals or other hydrocarbon substances in, upon, or under said real property, as reserved in the Deed from Diamond-D Development Company to George M. Morris, et al, dated August 22, 1963, and recorded October 1, 1963 in Book 4461 of Official Records, at Page 253.**

**PARCEL TWO:**

EXHIBIT B

Case: 10-41570    Doc# 17-1    Filed: 05/21/10    Entered: 05/22/10 00:00:13    Page 14 of 22

A.P.N. 016-150-025

Deed of Trust
and Assignment of Rents (Short Form) - continued

277058
July 13, 2004

File No.: NCS-64529-SAC1 (AT)

The right of way granted in the Deed from Alice Enterprises, Inc., a corporation, et al, to Knebworth Enterprises, Inc., a corporation, dated July 22, 1965, and recorded July 26, 1965 in Volume 4717 of Official Records, at Page 97, as follows:

A right of way (not to be exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, television service, electric light and power lines, whether below or above the surface of the ground, and for the purpose of draining water from adjoining land, either presently owned or hereafter acquired by the Grantee, together with the right to maintain, construct, operate, repair, alter, and replace said roadway and gas, water, oil and sewer pipes, electric light power, telephone and television lines over a strip of land described as follows:

Beginning at the northwest corner of Parcel One above; thence North 89° 42' East, 17.50 feet; thence North 0° 30' East, 64.0 feet; thence South 89° 42' West 175.0 feet; thence South 0° 30' West, 64.0 feet to the point of beginning.

This Deed of Trust is given to secure a portion of the purchase price.

TOGETHER WITH the rents, issues, and profits thereof, SUBJECT, HOWEVER, to the right, power and authority given to and conferred upon Beneficiary by paragraph 10 of the provisions, incorporated by reference, to collect and apply such rents, issues and profits.

FOR THE PURPOSE OF SECURING: 1. Performance of each agreement of Trustor, incorporated by reference or contained herein. 2. Payment of the indebtedness evidenced by one Promissory Note of even date herewith, and any extension or renewal thereof, in the principal sum of $345,000.00 executed by Trustor in favor of Beneficiary or order. 3. Payment of such further sums as the then record Owner of said property hereafter may borrow from Beneficiary, when evidenced by another Note (or Notes) reciting it is so secured.

TO PROTECT THE SECURITY OF THIS DEED OF TRUST, TRUSTOR AGREES: By the execution and delivery of this Deed of Trust and the Note secured hereby, that provisions (1) to (14), inclusive, of the fictitious deed of trust recorded in Santa Barbara County and Sonoma County on October 18, 1961, and in all other counties on October 23, 1961, in the book and page of the Official Records in the office of the county recorder of the county where said property is located, noted below and opposite the name of such county, viz:

| County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page | County | Book | Page |
|--------|------|------|--------|------|------|--------|------|------|--------|------|------|--------|------|------|
| Alameda | 435 | 684 | Imperial | 1091 | 501 | Merced | 1547 | 538 | San Benito | 271 | 383 | Siskiyou | 468 | 181 |
| Alpine | 1 | 250 | Inyo | 147 | 598 | Modoc | 184 | 851 | San Bernadino | 5567 | 61 | Solano | 1105 | 182 |
| Amador | 104 | 348 | Kern | 3427 | 60 | Mono | 52 | 429 | San Francisco | A332 | 905 | Sonoma | 1851 | 689 |
| Butte | 1145 | 1 | Kings | 792 | 833 | Monterey | 2194 | 538 | San Joaquin | 2470 | 311 | Stanislaus | 1715 | 456 |
| Calaveras | 145 | 152 | Lake | 362 | 39 | Napa | 639 | 86 | San Luis Obispo | 1151 | 12 | Sutter | 572 | 297 |
| Colusa | 296 | 617 | Lassen | 171 | 471 | Nevada | 305 | 320 | San Mateo | 4078 | 420 | Tehama | 401 | 289 |
| Contra Costa | 3978 | 47 | Los Angeles | T2055 | 899 | Orange | 5889 | 611 | Santa Barbara | 1878 | 860 | Trinity | 93 | 366 |
| Del Norte | 78 | 414 | Madera | 810 | 170 | Placer | 895 | 301 | Santa Clara | 5336 | 01 | Tulare | 2294 | 275 |
| El Dorado | 568 | 456 | Marin | 1508 | 339 | Plumas | 151 | 5 | Santa Cruz | 1431 | 494 | Tuolumne | 135 | 47 |
| Fresno | 4626 | 572 | Mariposa | 77 | 292 | Riverside | 3005 | 523 | Shasta | 684 | 528 | Ventura | 2062 | 386 |
| Glenn | 422 | 184 | Mendocino | 579 | 530 | Sacramento | 4331 | 62 | Sierra | 29 | 335 | Yolo | 653 | 245 |
| Humboldt | 657 | 527 | | | | San Diego | Series 2 Book 1961, Page 183887 | | | | | | Yuba | 334 | 486 |

(which provisions, identical in all counties, are printed below) hereby are adopted and incorporated herein and made a part hereof as fully as though set forth herein at length; that he will observe and perform said provisions; and that the references to property, obligations, and parties in said provisions shall be construed to refer to the property, obligations, and parties set forth in this Deed of Trust.

In accordance with Section 2924b, Civil Code, request is hereby made that a copy of any Notice of Default and a copy of any Notice of Sale be mailed to Trustor at Trustor's address hereinbefore set forth, or if none shown, to Trustor at property address.

NOTICE: A COPY OF ANY NOTICE OF DEFAULT AND OF ANY NOTICE OF SALE WILL BE SENT ONLY TO THE ADDRESS CONTAINED IN THIS RECORDED REQUEST. IF YOUR ADDRESS CHANGES, A NEW REQUEST MUST BE RECORDED.

Case: 10-41570    Doc# 17-1    Filed: 05/21/10    Entered: 05/22/10 00:00:13    Page 15 of 22

277058
July 19, 2004

File No.: **NCS-64529-SAC1 (AT)**

If the Trustor/Grantor shall sell, convey or alienate said property, or any part thereof, or any interest therein, or shall be divested of his title or any interest therein in any manner or way, whether voluntarily or involuntarily, without the written consent of the Beneficiary being first had and obtained, Beneficiary shall have the right, at its option, except as prohibited by law, to declare any indebtedness or obligations secured hereby, irrespective of the maturity date specified in any Note evidencing the same, immediately due and payable.

Dated:  July 14, 2004

Signature of Trustor(s)

Kang Property, Inc., a California Corporation

By: Sarbjit Singh Kang, President

Case: 10-41570    Doc# 17-1    Filed: 05/21/10    Entered: 05/22/10 00:00:13    Page 16 of 22

STATE OF     California       }
                                      }ss.

COUNTY OF    EL DORADO      }

On JULY 14, 2004 , before me, WILLIAM F. HARRISON
personally appeared SARBJIT SINGH KANG , personally
known to me (or proved to me on the basis of satisfactory evidence) to be the person(s) whose name(s) is/are
subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their
authorized capacity(ies) and that his/her/their signature(s) on the instrument the person(s) or the entity upon
behalf of which the person(s) acted, executed the instrument.

WITNESS my hand and official seal.

*This area for official
notarial seal*

Signature _____

My Commission Expires: APRIL 25, 2006

Notary Name: WILLIAM F. HARRISON      Notary Phone: 530-268-2243
Notary Registration Number: 1353457      County of Principal Place of Business: NEVADA

WILLIAM F. HARRISON
Comm. #1353457
NOTARY PUBLIC-CALIFORNIA
Nevada County
My Comm. Expires April 25, 2006
VISA

A.P.N. 016-150-025

Deed of Trust
and Assignment of Rents (Short Form) - continued

July 13, 2004
File No.: NCS-64529-SAC1 (AT)

-----------------------------------------------------DO NOT RECORD-----------------------------------------------------

## REQUEST FOR FULL RECONVEYANCE
*To be used only when note has been paid.*

To: First American Title Company, a California Corporation, **Trustee**

Dated:_____

The undersigned is the legal owner and holder of all indebtedness secured by the within Deed of Trust. All sums secured by said Deed of Trust have been fully paid and satisfied; and you are hereby requested and directed, on payment to you of any sums owing to you under the terms of said Deed of Trust, to cancel all evidences of indebtedness, secured by said Deed of Trust, delivered to you herewith together with said Deed of Trust, to reconvey, without warranty, to the parties designated by the terms of said Deed of Trust, the estate now held by you under the same.

Mail Reconveyance to:

_____

_____    _____

_____    By_____

_____    By_____

**Do not lose or destroy this Deed of Trust OR THE NOTE which it secures.
Both must be delivered to the Trustee for cancellation before reconveyance will be made.**

**Short Form**

**DEED OF TRUST**    **FIRST AMERICAN TITLE COMPANY, A CALIFORNIA CORPORATION**
WITH POWER OF SALE
INDIVIDUAL

## END OF DOCUMENT

3

Page 5

RECORDING REQUESTED BY

AND WHEN RECORDED MAIL THIS DEED AND,
UNLESS OTHERWISE SHOWN BELOW, MAIL TAX
STATEMENTS TO

Kang Property, Inc.

61 Chilpancingo Parkway, 2nd Flo

Pleasant Hill, CA 94523

A P N  016-150-025

CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
**DOC- 2004-0404975-00**
Thursday, OCT 21, 2004 14 51 14
S21    $10 00 CPY    $2 00 MIC    $1 00
MOD    $2 00 REC    $6 00 TCF    $1 00
Ttl Pd    $22.00    Nbr-0002391284
                                        1rc/R9/1-2

-------------------------SPACE ABOVE THIS LINE FOR RECORDER'S USE-------------------------

### GRANT DEED

The undersigned grantor(s) declare(s)
Documentary transfer tax is $
(  ) computed on full value of property conveyed, or
(  ) computed on full value less value of liens and encumbrances remaining at time of sale
(  ) Unincorporated area (  ) City of _____, and
By this instrument dated    10-20-2004    , for a valuable consideration

_____ Kang Property, Inc., a California corporation _____

hereby GRANTS to  Kang Property, Inc., as to an undivided 50%
      interest, and to Abolghassam H. Shahidi, an unmarried
      man, as to an undivided 50% interest, all as tenants in common

the following described real property in the City of  Brentwood
County of  Contra Costa , State of California

PER LEGAL DESCRIPTION MARKED EXHIBIT "A" ATTACHED HERETO AND MADE A PART
HEREOF

STATE OF CALIFORNIA,
COUNTY OF Contra Costa          }ss
On  10-20-2004         before me,
Richard A. Stoll personally appeared
Sarbjit Kang

Kang Property, Inc.

By : Sarbjit Kang, President

personally known to me (or proved to me on the basis of satisfactory
evidence) to be the person(s) whose name(s) is/are subscribed to the
within instrument and acknowledged to me that he/she/they executed
the same in his/her/their authorized capacity(ies), and that by his/her/their
signature(s) on the instrument the person(s), or the entity upon behalf
of which the person(s) acted, executed the Instrument
WITNESS my hand and official seal

RICHARD A STOLL
COMM #1478084
NOTARY PUBLIC  CALIFORNIA
CONTRA COSTA COUNTY
MY COMM EXPIRES MAR 26 2006

Signature
MAIL TAX STATEMENTS TO PARTY SHOWN ON FOLLOWING LINE, IF NO PARTY IS SHOWN, MAIL AS
DIRECTED ABOVE

(Name)                    (Street Address)              (City & State)

Case: 10-41570    Doc# 17-1    Filed: 05/21/10    Entered: 05/22/10 00:00:13    Page 19
EXHIBIT C
of 22

Exhibit "A"

**PARCEL ONE:**

All those certain Tracts or Parcels of land situated in the County of Contra Costa, State of California, said lands being a portion of Section 7, Township 1 North, Range 3 East, Mount Diablo Base and Meridian and particularly described as follows:

Commencing at the southwest corner of Section 7, Township 1 North, Range 3 East, Mount Diablo Base and Meridian, thence northerly along the westerly line of Section 7, North 0° 30' East, 527.6 feet, thence leaving the westerly line of Section 7, North 89° 42' East, 42.0 feet to the true point of beginning, thence North 89° 42' East, 110.0 feet; thence South 0° 30' West, 150.0 feet, thence South 89° 42' West, 110.0 feet, thence North 0° 30' East, 150.0 feet to the true point of beginning.

**EXCEPTING THEREFROM:**

All oil, gas, minerals or other hydrocarbon substances in, upon, or under said real property, as reserved in the Deed from Diamond-D Development Company to George M. Morris, et al, dated August 22, 1963, and recorded October 1, 1963 in Book 4461 of Official Records, at Page 253.

**PARCEL TWO.**

The right of way granted in the Deed from Alice Enterprises, Inc., a corporation, et al, to Knebworth Enterprises, Inc., a corporation, dated July 22, 1965, and recorded July 26, 1965 in Volume 4717 of Official Records, at Page 97, as follows:

A right of way (not to be exclusive) as an appurtenance to Parcel One above, for use as a roadway for vehicles of all kinds, pedestrians and animals, for water, gas, oil and sewer pipe lines, and for telephone, television service, electric light and power lines, whether below or above the surface of the ground, and for the purpose of draining water from adjoining land, either presently owned or hereafter acquired by the Grantee, together with the right to maintain, construct, operate, repair, alter, and replace said roadway and gas, water, oil and sewer pipes, electric light power, telephone and television lines over a strip of land described as follows:

Beginning at the northwest corner of Parcel One above; thence North 89° 42' East, 17.50 feet; thence North 0° 30' East, 64.0 feet; thence South 89° 42' West 175 0 feet; thence South 0° 30' West, 64.0 feet to the point of beginning.

A P N  016-150-025

**END OF DOCUMENT**



RECORDING REQUESTED BY

*2*

AND WHEN RECORDED MAIL TO

**First American**
**Title Insurance Company**
4380 La Jolla Village Drive
Suite 200
San Diego, CA 92122



CONTRA COSTA Co Recorder Office
STEPHEN L. WEIR, Clerk-Recorder
DOC- 2009-0227842-00
Check Number
Friday, SEP 25, 2009 14:35:00
MOD      $2.00|REC    $6.00|FTC    $1.00
DAF      $2.70|REF    $0.30|RED    $1.00
Ttl Pd   $13.00           Nbr-0000267283
                          rrc/RL/1-2

Space above this line for recorder's use only

---

Trustee Sale No. 412066    Loan No.    Title Order No.

## IMPORTANT NOTICE
## NOTICE OF DEFAULT AND ELECTION TO SELL UNDER DEED OF TRUST

**IF YOUR PROPERTY IS IN FORECLOSURE BECAUSE YOU ARE BEHIND IN YOUR PAYMENTS, IT MAY BE SOLD WITHOUT ANY COURT ACTION, and you may have the legal right to bring your account in good standing by paying all of your past due payments plus permitted costs and expenses within the time permitted by law for reinstatement of your account, which is normally five business days prior to the date set for the sale of your property. No sale date may be set until three months from the date this notice of default may be recorded (which date of recordation appears on this notice).**

This amount is $36,710.60 as of 09/20/2009 and will increase until your account becomes current.

While your property is in foreclosure, you still must pay other obligations (such as insurance and taxes) required by your note and deed of trust or mortgage. If you fail to make future payments on the loan, pay taxes on the property, provide insurance on the property, or pay other obligations as required in the note and deed of trust or mortgage, the beneficiary or mortgagee may insist that you do so in order to reinstate your account in good standing. In addition, the beneficiary or mortgagee may require as a condition to reinstatement that you provide reliable written evidence that you paid all senior liens, property taxes, and hazard insurance premiums.

Upon your written request, the beneficiary or mortgagee will give you a written itemization of the entire amount you must pay. You may not have to pay the entire unpaid portion of your account, even though full payment was demanded, but you must pay all amounts in default at the time payment is made. However, you and your beneficiary or mortgagee may mutually agree in writing prior to the time the notice of sale is posted (which may not be earlier than the end of the three-month period stated above) to, among other things, (1) provide additional time in which to cure the default by transfer of the property or otherwise;

1

*412066-44*

or (2) establish a schedule of payments in order to cure your default; or both (1) and (2).

Following the expiration of the time period referred to in this paragraph of this notice, unless the obligation being foreclosed upon or a separate written agreement between you and your creditor permits a longer period, you have only the legal right to stop the sale of property by paying the entire amount demanded by your creditor.

To find out the amount you must pay, to arrange for payment to stop the foreclosure, or if your property is in foreclosure for any other reason, contact: EIM-El Segundo
c/o Dansk Investment Group
6591 Collins Drive, Suite E-11
Moorpark, CA. 93021
Attn: Emma Gardner (805) 299-8218

If you have any questions, you should contact a lawyer or the governmental agency which may have insured your loan. Notwithstanding the fact that your property is in foreclosure, you may offer your property for sale, provided the sale is concluded prior to the conclusion of the foreclosure.

REMEMBER, YOU MAY LOSE LEGAL RIGHTS IF YOU DO NOT TAKE PROMPT ACTION. NOTICE IS HEREBY GIVEN THAT: First American Title Company is the duly appointed Trustee under a Deed of Trust dated 07/14/2004, executed by Kang Property, Inc., as Trustor, to secure obligations in favor of EIM-El Segundo, a California Limited Partnership, as Beneficiary Recorded on July 20, 2004 as Instrument Number 2004-0277058-00 of official records in the Office of the Recorder of Contra Costa County, California, as more fully described on said Deed of Trust. Including the note(s) for the sum of $345,000.00 that the beneficial interest under said Deed of Trust and the obligations secured thereby are presently held by the beneficiary; that a breach of, and default in, the obligations for which said Deed of Trust is security has occurred in that the payment has not been made of: THE MONTHLY INSTALLMENT WHICH BECAME DUE 02/20/2009 AND ALL SUBSEQUENT INSTALLMENTS, TOGETHER WITH LATE CHARGES.

That by reason thereof, the present beneficiary under such Deed of Trust, has executed and delivered to said Trustee, a written Declaration and Demand for Sale, and has deposited with said duly appointed Trustee, such Deed of Trust and all documents evidencing the obligations secured thereby, and has declared and does hereby declare all sums secured thereby immediately due and payable and has elected and does hereby elect to cause the trust property to be sold to satisfy the obligations secured thereby.

DATE: 9/23/09

First American Title Company

David Z. Bark, Foreclosure Trustee

END OF DOCUMENT

2

Case: 10-41570   Doc# 17-1   Filed: 05/21/10   Entered: 05/22/10 00:00:13   Page 22 of 22